UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                                    <u>DECISION AND ORDER</u>

                                                                                      04-CR-6040L

                  V.

DONALD PARNELL,

                                Defendant.
_____

     Pursuant to the October 7, 2005 decision of the Court of Appeals for the Second Circuit, which directed this Court to construe defendant's untimely notice of appeal as a motion for an extension of time to appeal, this Court issued an order on November 7, 2005 directing defendant to file a supporting affidavit and memorandum of law by November 23, 2005. The order also directed that the Government's response, if any, be filed by December 6, 2005. Defendant has filed an affidavit of his attorney and a memorandum of law in support of his motion for an extension of time in which to appeal.

     After reviewing defendant's motion and supporting papers, the Court grants defendant's motion. Although Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a notice of appeal must be filed within ten days of the entry of a judgment or order being appealed, Rule 4(b)(4) allows the district court to extend the time to appeal if: (1) the party files a motion for

an extension of time no later than thirty days from the end of the ten-day period provided in Rule 4(b)(1)(A), and (2) the party demonstrates "good cause" or "excusable neglect" for his failure to timely file a notice of appeal.

In this case, judgment was entered on September 30, 2004. Defendant filed his notice of appeal exactly forty days later, November 9, 2004. Construing that notice of appeal as a motion for leave to extend defendant's time to appeal, I find that the motion was therefore timely under Rule 4(b)(4).

I also find that defendant has shown good cause or excusable neglect for his failure to file a timely notice of appeal. Defendant's attorney states in his affidavit that he did not file a notice of appeal within the ten-day period of Rule 4(b)(1)(A) because he had been led to believe that defendant did not intend to appeal his sentence.[1] It was only after that period had passed that counsel became aware, through an inquiry from defendant's wife, that defendant did wish to appeal. Whether this was due to some miscommunication between defendant and his attorney or a change of heart on defendant's part is unclear, but I find that he has presented adequate grounds for granting the motion for an extension of time to appeal. *See Pioneer Inv. Servs. Corp. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993) ("neglect [that will justify granting an extension] encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness"); *see also Stutson v. United States*, 516 U.S. 193, 195 (1996) (applying Pioneer to criminal appeal); *United*

---

[1] This belief may have stemmed in part from the plea agreement's provision in which defendant agreed to waive his right to appeal any sentence falling within the sentencing range set forth elsewhere in the plea agreement. *See* Dkt. #10 ¶ 19. Whether defendant *can* properly appeal is not before me, however. The only issue before me is whether defendant should be granted an extension of time in which to file a notice of appeal.

*States v. Alvarez-Martinez*, 286 F.3d 470, 473 (7th Cir.) ("The overriding message of *Pioneer Investment* is that the district court has broad powers under rules like ... Fed. R.App. P. 4 to grant extensions of time"), *cert. denied*, 537 U.S. 898 (2002).

Rule 4(b)(4) provides that "the district court may ... extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Ordinarily, then, the district court cannot grant an extension beyond forty days after the entry of judgment in a criminal case. *See*, *e.g.*, *United States v. Rapoport*, 159 F.3d 1, 2-3 (1st Cir. 1998). In a situation like this one, though, where a notice of appeal was filed more than ten, but less than forty-one days after the entry of judgment, the Second Circuit has stated that "[i]f the district court decides to grant an appropriate extension then the notice of appeal will become effective *nunc pro tunc* ...." *United States v. Batista*, 22 F.3d 492, 494 (2d Cir. 1994). Accordingly, defendant's notice of appeal is treated as a motion for an extension of time in which to file an appeal; the motion is granted; and the notice of appeal is deemed to be effective as of the date of its filing, November 9, 2004.

## CONCLUSION

Defendant's motion for an extension of time in which to file a notice of appeal (Dkt. #20) is granted. Defendant's notice of appeal filed on November 9, 2004 is deemed effective as of that date.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 9, 2005.