UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONALD PARNELL,

                 Movant,

    -vs-

UNITED STATES OF AMERICA,

                 Respondent.

_____

**DECISION AND ORDER
Civil Case
No. 6:16-cv-6327-MAT**


**Criminal Case
No. 6:04-cr-6040-MAT**


## INTRODUCTION

Donald Parnell ("Parnell" or "Movant"), represented by counsel, has filed a Motion to Correct the Sentence and Request to Hold Case in Abeyance (Dkt #51) pursuant to 28 U.S.C. § 2255 ("Section 2255"). Parnell asserts that his sentence as a career offender under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") §§ 4B1.1 and 4B1.2.2 is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Parnell pleaded guilty before District Judge David G. Larimer on September 30, 2004, to Counts 1 and 2 of the pending indictment, which charged him with violations of 18 U.S.C. § 924(c) (Possession of Firearm in Furtherance of a Drug Trafficking Crime) and 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Felon), respectively. At that time he was sentenced to 5 years on Count 1 and 15 years on Count 2, to run consecutively, for a total of 20 years. While his direct appeal was pending, the parties agreed

that, based on new caselaw, Parnell should be resentenced because his youthful offender conviction for attempted second-degree burglary should not have counted toward qualifying him as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(2). As a result, Parnell withdrew his appeal.

Parnell was resentenced on September 18, 2006, at which time Judge Larimer imposed an aggregate sentence of 180 months (120 months on Count 2 and 60 months consecutive on Count 1). Judge Larimer found Parnell to be a career offender under the Guidelines after adopting the findings in the Supplemental Presentence Investigation Report ("Supp. PSIR") that Parnell had at least two prior convictions that qualified as either a "crime of violence" or a "controlled substance offense." Specifically, Judge Larimer identified two prior New York convictions for attempted second-degree burglary and second-degree rape, respectively, as qualifying as "crimes of violence" under U.S.S.G. § 4B1.2(a). See Supp. PSIR at 3.

Following the Supreme Court's decision in Johnson, Parnell filed an application in the Second Circuit for permission to file a second or successive Section 2255 motion and requested that this Court stay the instant proceeding pending the Second Circuit's decision. On June 12, 2016, the Court issued an order holding this case in abeyance until receipt of authorization from the Second Circuit for Parnell to file a second or successive Section 2255

motion.

On July 21, 2016, an Order of the Second Circuit was entered as a Mandate (Dkt #56) on this Court's docket. The Second Circuit granted Parnell's application to file a successive Section 2255 motion, transferred the proceeding to this Court, and "directed [this Court] to stay the present proceeding pending a decision in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (order granting writ of certiorari), in which the Supreme Court will likely decide whether Johnson applies retroactively to United States Sentencing Guidelines § 4B1.2(a)(2) (2015) (to be amended Aug. 1, 2016)." Mandate (Dkt #56) at 1. However, the Second Circuit stated, this Court was "free to consider termination of the stay, on motion or sua sponte." Id. This Court has elected to terminate the stay sua sponte and consider Parnell's Section 2255 motion forthwith.

Parnell asserts that he is no longer a career offender under the Guideliness because he does not have two previous "crimes of violence" to justify this designation. Specifically, Parnell argues that his attempted second-degree burglary and second-degree rape convictions can only qualify as "crimes of violence" under the Guidelines' residual clause, which contains the same operative language as the now-voided residual clause of the ACCA. Respondent does not dispute the substantive merits of Parnell's claim but instead opposes the motion on the basis that the rule announced in

Johnson has not been made retroactive to collateral challenges to Guidelines' sentences. See Resp't Mem. (Dkt #62) at 4-11.

For the reasons discussed below, Parnell's motion is granted, and the matter is transferred to Judge Larimer for re-sentencing.

## DISCUSSION

On June 26, 2015, the Supreme Court issued its decision in Johnson, holding that the definition of "violent felony" in the residual clause of the ACCA is unconstitutionally vague. On April 18, 2016, the Supreme Court ruled that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Welch v. United States, 136 S. Ct. 1257, 1268 (2016); see also id. at 1265 (confirming that Johnson has "nothing to do with procedure" because it "'alter[s] 'the range of conduct or the class of persons that the [ACCA] punishes") (quotation omitted).

The nullified residual clause in the ACCA made any crime punishable by more than one year in prison and that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another" a "violent felony" for purposes of designating a defendant an armed career criminal. 18 U.S.C. § 924(e)(2)(B)(ii). Though Johnson dealt only with the ACCA's residual clause, the Second Circuit has recognized that the operative language of U.S.S.G. § 4B1.2(a)(2)'s residual clause and

-4-

the ACCA's residual clause is identical.[1] <u>See</u>, <u>e.g.</u>, <u>United States v. Gray</u>, 535 F.3d 128, 130 (2d Cir. 2008) ("[W]here the language of two . . . provisions is identical, we cannot conclude that those provisions have disparate applicability to a type of conduct that inherently involves the risk specified in both provisions.") (quotation omitted). Effective August 1, 2016, the United States Sentencing Commission amended Guidelines § 4B1.2(a)(2) to strike the residual clause, finding that it implicated many of the same concerns cited by the Supreme Court in <u>Johnson</u>.

Respondent argues that <u>Welch</u> restricted its finding that <u>Johnson</u> is a substantive rule to cases involving the ACCA because in that context, "a sentence based on the residual clause of the ACCA is a sentence that cannot be imposed lawfully under the Constitution, regardless of the procedures employed." Resp't Mem. (Dkt #62) at 7. Respondent contends that this is not the case under the Guidelines, because they simply "provide a mechanism for directing a sentencing court's discretion to impose a punishment within the range selected by Congress." <u>Id.</u> (citation omitted). In essence, Respondent argues that the <u>Johnson</u> rule is substantive when applied to § 924(c)(3)(B) but merely procedural when applied to the Guidelines. As such, its retroactive application is barred

---

[1]

    <u>Compare</u> U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" to include "conduct that presents a serious potential risk of physical injury to another") <u>with</u> 18 U.S.C. § 924(e)(2)(B) (defining "violent felony" to include "conduct that presents a serious potential risk of physical injury to another").

by <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989) (plurality opn.) (holding that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"). The Fourth Circuit recently rejected this very argument. <u>See</u> <u>In re Hubbard</u>, 825 F.3d 225, 234 (4th Cir. 2016).

At the outset, the Fourth Circuit observed that "<u>Welch</u> declared unequivocally that <u>Johnson</u> was 'a substantive decision and so has retroactive effect under <u>Teague</u> in cases on collateral review[.]'" <u>Hubbard</u>, 825 F.3d at 234 (quoting <u>Welch</u>, 136 S. Ct. at 1265). The Fourth Circuit further noted the absence of any caselaw "to support the proposition that a rule can be substantive in one context but procedural in another." <u>Id.</u> (citing <u>Danforth v. Minnesota</u>, 552 U.S. 264, 266 (2008) ("New [substantive rules] . . . must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings.")).

The Supreme Court in <u>Welch</u> also noted that "[b]y striking down the residual clause as void for vagueness, <u>Johnson</u> changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [Act] punishes.'" <u>Welch</u>, 136 S. Ct. at 1265 (quotation omitted). Based on this reasoning, the Fourth Circuit likewise found that striking the residual clause in U.S.S.G. § 4B1.2(b) would "'alter[ ] the range of conduct or the

class of persons that the [Sentencing Guidelines] punishes.'" Hubbard, 825 F.3d at 834 (quoting Welch, 136 S. Ct. at 1265 (quotation marks omitted in original; brackets in original). "That is, the 'substantive reach' of the Sentencing Guidelines would be altered just as much as was true for the ACCA." Id. The Fourth Circuit explained that if Johnson does invalidate the Guidelines' residual clause, "some crimes will no longer fit the . . . Guidelines' definition of a crime of violence and will therefore be incapable of resulting in a career-offender sentencing enhancement." Id. In such cases, application of the Johnson rule will operate as one of the Teague exceptions to non-retroactivity by "prohibiting a certain category of punishment for a class of defendants because of their status." Id. (citing Frazer v. South Carolina, 430 F.3d 696, 704 n. 4 (4th Cir. 2005) (quoting Saffle v. Parks, 494 U.S. 484, 494 (1990) (further quotation omitted; brackets in Hubbard omitted)).

While a defendant still may be subject to the same statutory range of punishments under the Guidelines, "'even the use of impeccable factfinding procedures could not legitimate,'" Hubbard, 825 F.3d at 234 (quoting Welch, 136 S. Ct. at 1265), "'a sentence based on that clause' (that is, U.S.S.G. § 4B1.2(1) as it existed at the time of sentencing)." Id. at 234-35 (quoting Welch, 136 S. Ct. at 1265). In short, "Johnson is not a procedural decision" as applied to the Guidelines. Hubbard, 825 F.3d at 235 (citing Welch,

136 S. Ct. at 1265). <u>See</u> <u>also</u> <u>In re Patrick</u>, No. 16-5353, ___ F.3d
___, 2016 WL 4254929, at *3 (6th Cir. Aug. 12, 2016) (agreeing with
<u>Hubbard</u>; rejecting government's arguments that <u>Johnson</u>'s
application to the Guidelines is procedural).

Moreover, this Court has already held that the rule of <u>Johnson</u>
should apply equally to U.S.S.G. § 4B1.2(a)(2). <u>See</u> Decision and
Order dated 4/18/16, pp. 18-23, in <u>Antonio Williams v. United</u>
<u>States</u>, No. 07-cr-238 (W.D.N.Y. Apr. 18, 2016). Respondent has
offered no arguments or caselaw to cause the Court to reconsider
its previous ruling, which is bolstered by the recent Fourth and
Sixth Circuit opinions in <u>Hubbard</u> and <u>Patrick</u>, respectively.

## CONCLUSION

For the foregoing reasons, the Court finds that Parnell is
entitled to resentencing because his original sentence "was imposed
in violation of the Constitution or laws of the United States[,]"
28. U.S.C. § 2255(a). Because resentencing by the original
sentencing judge will best satisfy the requirements of due process
in accordance with Rule 11 of the Federal Rules of Criminal
Procedure, the Court will transfer this case to Judge Larimer.

## ORDERS

For the reasons discussed above, it is hereby

**ORDERED** that Donald Parnell's Motion to Correct Sentence Under
28 U.S.C. § 2255 (Dkt #51) is **granted**; and it is further

**ORDERED** that this matter is immediately transferred to

District Judge David G. Larimer for resentencing.

**IT IS SO ORDERED.**

**S/ Michael A. Telesca**
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:      September 15, 2016
            Rochester, New York