UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD PARNELL,

    Movant,

 -vs-

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-6327-MAT**

**Criminal Case**
**No. 6:04-cr-6040-MAT**

---

**INTRODUCTION**

Donald Parnell ("Parnell") filed a counseled Motion to Vacate the Sentence and Request to Hold Case in Abeyance (Dkt #51) pursuant to 28 U.S.C. § 2255, asserting that his sentence as a career offender under the United States Sentencing Guidelines ("Guidelines") was unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015). On September 15, 2016, the Court granted Parnell's motion and transferred the matter to the original sentencing judge for re-sentencing. On September 23, 2016, Respondent filed a Motion for Reconsideration (Dkt #67), and the matter was transferred to the undersigned for consideration of the reconsideration motion.

Because of important liberty interest at stake in this matter, the Court has expedited consideration of Respondent's motion without requiring Parnell to submit responsive papers. As discussed below, Respondent has failed to assert any proper grounds for

-1-

reconsideration. Its motion is accordingly denied.

## DISCUSSION

Respondent does not state under what authority it brings its Motion for Reconsideration, but the Court will presume that the motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P"). See, e.g., Stinson v. United States, No. 01-CR-6087-CJS, 2012 WL 5288758, at *1 (W.D.N.Y. Oct. 23, 2012). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

Respondent raises, almost verbatim, the same arguments urged in its opposition to Parnell's Section 2255 motion—in particular, that Johnson does not apply retroactively to a defendant's collateral challenge to a Guidelines' sentence. The Court has already considered and rejected these arguments. It is well-settled that "a motion to reconsider should not be granted where[,]" as here, "the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Respondent alternatively argues that the Court should stay Parnell's Section 2255 motion pending the Supreme Court's decision in Beckles v. United States, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (order granting writ of certiorari). Respondent

ignores the fact that, in its order transferring Parnell's Section 2255 motion to this Court for consideration, the Second Circuit expressly gave this Court permission to decide the motion without waiting for the Supreme Court to resolve Beckles. Therefore, this Court's sua sponte lifting of the stay was legally proper.

## CONCLUSION

In sum, Respondent has come forward with no basis for the Court to reconsider its Decision and Order granting Parnell's motion and denying Respondent's request for a stay pending a decision in Beckles. Accordingly, Respondent's Motion for Reconsideration is denied in its entirety with prejudice. This matter is immediately transferred to District Judge David G. Larimer for resentencing.

**SO ORDERED.**

                                          **S/ Michael A. Telesca**

                                          HONORABLE MICHAEL A. TELESCA
                                          United States District Judge

DATED:    September 28, 2016
             Rochester, New York